IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 08-cr-30058-JPG |
| DAVID E. FIELDS, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant David E. Fields's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Manual ("U.S.S.G.") § 1B1.10 (Doc. 40). Counsel voluntarily appeared for Fields and has since moved to withdraw on the basis that she can make no non-frivolous argument in support of the defendant's request (Doc. 42). *See Anders v. California*, 386 U.S. 738, 744 (1967). The Government has responded to counsel's motion expressing no objection to counsel's withdrawal (Doc. 44). Fields has not responded, although he was given an opportunity to do so.

Fields pled guilty to one count of possessing a firearm as a convicted felon (Count 1) and one count of possession with intent to distribute 5 grams or more of crack cocaine (Count 2). At sentencing, the Court found by a preponderance of the evidence that Fields's relevant conduct was 20.8 grams of crack cocaine, which under United States Sentencing Guideline Manual[1] ("U.S.S.G.") § 2D1.1 yielded a base offense level of 26. This level was increased by two points because Fields possessed a dangerous weapon during the commission of the offense, *see* U.S.S.G.

---

[1] Unless otherwise noted, the references to the guidelines in this order are to the 2007 United States Sentencing Guidelines Manual.

§ 2D1.1(b), and decreased by three points because Fields timely accepted responsibility for his crime, *see* U.S.S.G. § 3E1.1(a), (b), which yielded a total offense level of 25.  Considering Fields's criminal history category of V, this resulted in a sentencing range of 100 to 125 months in prison.  However, because the government had filed an enhancement pursuant to 21 U.S.C. § 851, Fields's statutory minimum sentence for Count 2 was 10 years.  *See* 21 U.S.C. § 841(b)(1)(B).  Consequently, pursuant to U.S.S.G. § 5G1.1(c)(2), his effective guideline sentencing range for Count 2 became 120 to 125 months.  The Court sentenced Fields to serve 120 months on each count to run concurrently.

Fields now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence for Count 2.  Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts.  The relevant parts of Amendment 782 are retroactive but cannot become retroactively effective until November 1, 2015.  *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If an amendment does not

lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).

The defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). It is true that Amendment 782 amended U.S.S.G. § 2D1.1(c) to lower the defendant's base offense level to 20, thus his total offense level to 19, where his sentencing range would have been 57 to 71 months had he not been subject to a mandatory minimum sentence. However, Amendment 782 did not change the fact that the defendant was subject to a mandatory minimum sentence of 120 months, which would establish his guideline range as 120 months under U.S.S.G § 5G1.1(b). Since a range of 120 months is not lower than the range of 120 to 125 months actually used at sentencing, the defendant's sentencing range has not been lowered.

Had the Government moved for a reduction below the mandatory minimum sentence based on the defendant's substantial assistance, the Court would have been able to disregard the mandatory minimum sentence when determining the amended guideline range, and the defendant would have been eligible for a sentence reduction. *See* U.S.S.G. § 1B1.10(c). However, the Government made no such motion in this case. Accordingly, the Court finds the defendant's guideline range has not been lowered by Amendment 782, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Additionally, to the extent the defendant requests the Court reduce his sentence because the Bureau of Prisons did not give him appropriate credit toward his federal sentence for time served in a related state proceeding, the Court does not have jurisdiction to order such a reduction. In this

proceeding, the Court only has authority to determine whether the range that would have been applicable if Amendment 782 had been in effect at the time the defendant was sentenced is lower than the range actually found at sentencing.  See U.S.S.G § 1B1.10(b)(1); *Dillon v. United States*, 130 S. Ct. 2683, 2694 (2010).   The Court cannot change any other aspect of the defendant's sentence.

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court **DENIES** the defendant's *pro se* motion (Doc. 40), **GRANTS** counsel's motion to withdraw as attorney (Doc. 42) and **ORDERS** that counsel Judith A. Kuenneke is **WITHDRAWN** from this matter.   The Court **DIRECTS** the Clerk of Court to send a copy of this order to David E. Fields, Reg. No. 07439-025, FCI Sandstone, Federal Correctional Institution, P.O. Box 1000, Sandstone, MN   55072

**IT IS SO ORDERED.**
**DATED:   October 7, 2015**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **U.S. DISTRICT JUDGE**