UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID E. FIELDS,<br><br>    Defendant. | Case No. 08-cr-30058-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant David E. Fields's "Motion Under 28 U.S.C. § 2255 & 18 U.S.C. § 3583 Challenging Revocation/Reimposition of Release" (Doc. 120). On August 27, 2025, the Court noted that the motion was likely a § 2255 motion and gave Fields an opportunity to withdraw the motion before the Court construed it as such. The order was returned to the Court as undeliverable because Fields was no longer at the address in the Court's files. Upon further review, the Court notes that Fields did not sign his motion or his pending motion for a reduction in sentence pursuant to the First Step Act (Doc. 104). So there are multiple problems to resolve.

First, the Court **DIRECTS** the Clerk of Court to change the defendant's address on file to the address from which he mailed his most recent motion (Doc. 120). The Court **ADVISES** Fields of his obligation to notify the Court of any change in address within 14 days whenever there is a matter pending in this case. In the future, the Court will not update the defendant's address for him.

Second, the Court notes that Fields's motions violate Federal Rule of Civil Procedure 11(a), which requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The Court must

strike a document that fails to comply with Rule 11(a) "unless the omission is promptly corrected after being called to the . . . party's attention." *Id.*  Fields has signed neither of his pending motions.  The Court **DIRECTS** the Clerk of Court to send Fields a copy of each of these unsigned motions (Docs. 104 & 120) and **ORDERS** that Fields shall have 30 days from entry of this order to file a signed copy of each motion.  If he fails to do so, the Court will strike any unsigned motion for failure to comply with Rule 11(a).

Third, in light of the misdirected mail, the deadline the Court set in its August 27, 2025, order is no longer valid.  The Court **RESERVES RULING** on the issue of how to construe Fields's most recent motion until it receives a signed copy of the motion.

**IT IS SO ORDERED.**
**DATED:   September 17, 2025**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**