UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID E. FIELDS,<br><br>　　　　Defendant. | Case No. 08-cr-30058-JPG |

**MEMORANDUM AND ORDER**

　　This matter comes before the Court on defendant David E. Fields's letter received March 5, 2025, which the Court construes as a motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Docs. 104 & 124).   The Government has responded to the motion (Doc. 106).   The defendant has not replied, although he was given an opportunity to do so.

　　In 2008, the defendant pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 1) and one count of possession with intent to distribute 5 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a) and (b)(1)(B) (Count 2). For Count 2, the sentencing range was enhanced by an information filed under 21 U.S.C. § 851 because of a prior conviction for an Illinois cocaine felony.   At the plea colloquy, Fields admitted to possessing 20.8 grams of crack cocaine.   At the time Fields was sentenced, the sentencing range for crimes involving 5 grams or more of crack cocaine was 5 to 40 years in prison and no more than 4 years of supervised release, and the § 851 information increased the

1

range to 10 years to life in prison and no more than 8 years of supervised release. 21 U.S.C. § 841(b)(1)(B) (2007). Thus, at the time of Fields's conviction, his crime qualified as a Class A felony because the maximum sentence was life in prison. *See* 18 U.S.C. § 3559(a)(1).

At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of 20.8 grams of crack cocaine, *see* PSR ¶ 14, which under U.S.S.G. § 2D1.1 (2007) yielded a base offense level of 26. His offense level was increased by 2 points under U.S.S.G. § 2D1.1(b)(1) because he possessed a dangerous weapon and was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because the defendant accepted responsibility for his crime. This established a total offense level of 25 which, considering the defendant's criminal history category of V, yielded a guideline sentencing range of 100 to 120 months in prison for the gun charge and 120 to 125 months in prison for the drug charge. The Court imposed a sentence of 120 months on each count to run concurrently and a supervised release term of 8 years.

Fields served his sentence and began his supervised release in January 2017. A little more than a year later, the Court revoked his supervised release and sentenced him to serve 24 months in prison followed by 8 years of supervised release. In November 2019, Fields again began supervised release. Fields filed the current motion while revocation proceedings were pending. In June 2025, the Court again revoked Fields's supervised release for a Grade A violation and sentenced Fields to serve 36 months in prison followed by 24 months of supervised release. The Court imposed the 36-month revocation sentence under the 5-year maximum statutory imprisonment range set forth in 18 U.S.C. § 3583(e)(3) for a Class A felony and the guideline imprisonment range of 46 to 57 months set forth in U.S.S.C. § 7B1.4(a) (2024) (Grade A(2), criminal history V).

The defendant's motion is vague, but the Court finds that it may be asking the Court to reduce his second revocation sentence in light of § 404 of the First Step Act.[1] Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to "covered offenses," that is (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses.

---

[1] Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

*See* First Step Act, § 404(a). Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but is not required to, reduce a defendant's sentence if the defendant was sentenced under a statutory penalty provision that was changed by the Fair Sentencing Act. *See United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020) (holding that the statute of conviction alone determines whether the Fair Sentencing Act modified a penalty). Where another non-covered offense is part of an aggregate sentencing package dependent on a covered offense, the Court may reduce that component of the package as well. *United States v. Hudson*, 967 F.3d 605, 612 (7th Cir. 2020).

Eligibility for Reduction

The Court first considers the question of whether Fields is eligible for a sentence reduction. The Government agrees that the First Step Act would result in a supervised release sentencing range of no more than 6 years for Fields's original sentence, but it argues that the sentencing range of imprisonment for a supervised release violation remains unchanged.

It is clear that Fields was eligible for a reduction of his original sentence of imprisonment based on Count 2. The Fair Sentencing Act modified the penalties for the statute under which the defendant was sentenced, 21 U.S.C. § 841(b)(1)(B), by changing the parameters of the crimes that fell within that provision from 5 grams or more of crack cocaine to 28 grams or more of crack cocaine. Because Fields admitted to possessing only 20.8 grams of crack cocaine, under the Fair Sentencing Act ranges, his crime would fall under 21 U.S.C. § 841(b)(1)(C) where the statutory range for his enhanced sentence would be no more than 30 years. 21 U.S.C. § 841(b)(1)(C) (2010). Thus, the statutory penalties "were modified by section 2 or 3 of the Fair Sentencing Act of 2010." First Step Act, § 404(a). Consequently, if the defendant were

serving his original sentence, he would be eligible for a reduction of that sentence.

Fields is also eligible for a reduction of his supervised release sentence because that sentence is considered to be part of his original sentence. The law is now clear that a supervised release sentence is part of a defendant's original sentence for a "covered offense." *Cornell Johnson v. United States*, 529 U.S. 694, 700-01 (2000); *see United States v. Haymond*, 588 U.S. 634, 648 (2019) (Gorsuch, J., plurality opinion). That means that "under the First Step Act, a defendant may seek a reduction of a sentence imposed upon revocation of supervised release when the underlying crime from which the supervised release stems is a 'covered offense.'" *United States v. John Johnson*, 132 F.4th 1012, 1016 (7th Cir. 2025). Thus, Fields is eligible for a reduction under the First Step Act.

Discretionary Decision

For an eligible defendant, the Court has the discretion to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act, § 404(b). So the Court must look at the sentencing range that would have applied had the Fair Sentencing Act revised ranges applied when he committed his offense. *United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020).

Under the law in place at the time of Fields's original sentencing in 2008, the statutory maximum sentence was life in prison, so his crime was a Class A felony. 21 U.S.C. §§ 841(b)(1)(B) & 851 (2007); 18 U.S.C. § 3559(a)(1). The statutory revocation sentencing range for a Grade A violation following a Class A felony conviction is no more than 5 years in prison. 18 U.S.C. § 3583(e)(3). And because Fields's offense was a Class A felony, his guideline range at the time of his revocation was 46 to 57 months in prison. U.S.S.G. § 7B1.4

(2024) (Grade A (2), criminal history V).[2]  This is consistent with the Probation Office's calculations prior to Fields's revocation.

The range that would apply "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed" would be lower.  As noted above, under the revised sentencing ranges of the Fair Sentencing Act, Fields's original offense would have had a statutory maximum sentence of 30 years,[3] which would make it a Class B felony.  21 U.S.C. §§ 841(b)(1)(C) & 851; 18 U.S.C. § 3559(a)(2) (crime with maximum sentence of 25 years or more is Class B felony).  The statutory revocation sentencing range following a Class B felony conviction is no more than 3 years, 18 U.S.C. § 3583(e)(3), and the guideline sentencing range is 30 to 37 months in prison, U.S.S.G. § 7B1.4(a) (2024) (Grade A(1), criminal history V); U.S.S.G. § 7C1.5 (2025) (same).  So had Fields been originally sentenced under the Fair Sentencing Act, his possible penalties upon revocation would have been less.  The Court's discretion under the First Step Act allows it to consider the lower penalty ranges in deciding the reduction motion.

Weighing against a revocation is the fact that the Court used the proper ranges to sentence Fields to 36 months in prison when it revoked his supervised release.  The Seventh Circuit Court of Appeals has held that the relevant time to assess the class of the offense of conviction is not when a defendant is revoked but when the sentence was originally imposed.

---

[2] The total sentence of imprisonment and supervised release could not exceed 8 years on revocation, the original length of his supervised release.  *See United States v. Russell*, 340 F.3d 450, 454 (7th Cir. 2003) (citing *Cornell Johnson*, 529 U.S. at 705-06).

[3] The Court is aware that other changes in the law, like *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), and U.S.S.G. Amendment 821, might have changed his sentencing range, but Fields did not invoke those changes in this motion.

*United States v. Cotton*, 108 F.4th 987, 991, *reh'g & reh'g en banc denied*, 2024 WL 4436406 (7th Cir. 2024), *cert. denied,* 145 S. Ct. 1214 (2025).   Thus, regardless of the sentence Fields would face for the same crime today, his offense "is" a Class A felony because it was such when was originally imposed.   Thus, he is subject to the 5 year statutory maximum and the 46 to 57 months guideline range.   *See id.*   The Court's revocation sentence used the proper sentencing ranges, a factor that weighs strongly against a reduction.   Further, his 36-month sentence of imprisonment falls within the revised statutory and guideline ranges of imprisonment, which also counsels against any change.

The other relevant factors also weigh against a reduction of Fields's revocation sentence. The Court's consideration of the factors under 18 U.S.C. § 3553(a) at sentencing, at Fields's first revocation, and at his second revocation continue to apply now and counsel against any reduction.   Under these circumstances, the Court declines to use its discretion to reduce Fields's sentence.

Accordingly, the Court **DENIES** Fields's motion for a sentence reduction pursuant to the First Step Act's retroactive application of the Fair Sentencing Act (Docs. 104 & 124).

**IT IS SO ORDERED.**
**DATED:   March 3, 2026**

                                                      s/ J. Phil Gilbert
                                                      **J. PHIL GILBERT**
                                                      **DISTRICT JUDGE**